IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

UNITED STATES OF AMERICA    )
                            )      CRIMINAL ACTION NO.
    v.                      )        2:26cr126-MHT
                            )           (WO)
RODERICK MARKES SCOTT        )

ORDER

Before the court is defendant Roderick Markes Scott's unopposed motion to continue his trial. For the reasons below, the court finds that jury selection and trial, now set for June 22, 2026, should be continued to August 3, 2026, pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

"In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within

> seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period "[a]ny period of delay ... resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," § 3161(h)(1)(D), and "[a]ny period of delay resulting from a continuance granted ... on the basis of ... findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for

2

effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Scott in a speedy trial. Scott's counsel represented, in his written motion for continuance, that Scott would like more time to consider potentially resolving his case before trial. There is no indication that defense counsel has failed to exercise due diligence. A continuance is warranted to ensure that Scott has the reasonable time necessary to decide whether he would like to resolve his case prior to trial. Moreover, the government does not oppose a continuance.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Roderick Markes Scott's motion to continue trial (Doc. 15) is granted.

3

(2) The jury selection and trial, now set for June 22, 2026, are reset for August 3, 2026, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse, Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall reset the deadline for change of plea and any other appropriate pretrial deadlines.

DONE, this the 21st day of May, 2026.

        /s/ Myron H. Thompson
        UNITED STATES DISTRICT JUDGE

4